## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PRINCESS J. ANTHONY** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **No. 08-2437-CM-KGS** |
| | ) |
| | ) |
| **ALORICA, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

*Pro se* plaintiff Princess J. Anthony brings this action against Alorica, Inc., ("Alorica") and seven individual defendants alleging discriminatory retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII").  The individual defendants filed the instant Motion to Dismiss and Brief in Support on November 5, 2008 (Doc. 20), to which plaintiff did not timely respond.  This court's January 12, 2009, Order to Show Cause (Doc. 21) directed plaintiff to show cause why the case should not be dismissed and to file a response to defendants' motion.  Plaintiff timely filed a consolidated response, and this court finds that she has shown sufficient cause.  The court has considered defendants' motion with the benefit of briefs by both sides and is now ready to rule.  For the following reasons, the court grants defendants' motion to dismiss.

## I.      Factual and Procedural Background

Plaintiff filed this action against Alorica, Inc., and its "representatives," consisting of Kendall Dunwiddie, Dena O'Brien, Brent McGuigan, Nadine Cuffe, Andy Lee, and Burdy Tarnofs (Beverly Tarnoff)—all employees of Alorica—and David Parker of Sprint, Inc.  According to plaintiff, "after knowledge of filing the discrimination suit 28D-2008-00196 [with the Kansas

Human Rights Commission ("KHRC") and the Equal Employment Opportunity Commission ("EEOC")] I was given a final written warning for my job. No verbal or other warnings have ever been received by plaintiff from defendants – continuously harassed." (Doc. 1, at 4.) She seeks compensatory and punitive damages in the amount of $250,000.

Alorica answered the complaint (Doc. 19), and the individual defendants filed the instant motion to dismiss. In this motion, defendants assert that plaintiff was employed by Alorica from July 23, 2007 through April 2, 2008, when she was terminated due to violations of Alorica's attendance policies. The individual defendants raise three grounds for dismissal. First, they argue that, as a matter of law, they cannot be held liable under Title VII because they are not "employers" as defined in that Act. Second, they argue that plaintiff's failure to exhaust administrative remedies precludes her suit. Third, defendants argue that this court lacks jurisdiction because plaintiff has failed to properly serve them.

II.   **Discussion**

   **The Companion Case:** *Anthony v. Alorica, et al.*, **No. 08-2438-JAR-KGS**

The court notes that a companion case, No. 08-2438-JAR-KGS, is currently before Judge Robinson of this district. The complaint in that case was filed by plaintiff on the same day as the complaint in this case. While that case alleges discrimination under Title VII based on religion and sex as well as retaliation, this complaint alleges only retaliation under Title VII. The individual defendants in that case, which included all of the individual defendants in this case, filed a nearly identical motion to dismiss in both cases on the same day. Because plaintiff failed to respond in that case, Judge Robinson granted the defendants' motion on December 15, 2008. *Anthony v. Alorica, Inc.*, No. 08-2438-JAR-KGS, 2008 WL 5263983 (D. Kan. Dec. 15, 2008). In her order,

however, Judge Robinson addressed the substance of the arguments defendants raise here, and found that dismissal was warranted because plaintiff's failure to exhaust administrative remedies stripped the court of subject matter jurisdiction over claims against them, and because defendants are not "employers" subject to Title VII liability.

The court is uncertain why no party sought to consolidate these cases: consideration of this motion two times over unnecessarily wastes judicial resources.  Nevertheless, this court has conducted an independent review of the motion, considering briefs on both sides.  As set out below, this court adopts the analyses and conclusions set forth in Judge Robinson's December 15, 2008 Memorandum and Order.

**Exhaustion**

Defendants argue this court lacks subject matter jurisdiction over plaintiff's claim because she has failed to exhaust administrative remedies, which is a prerequisite to filing an action under Title VII.  *Showalter v. Weinstein*, 233 F. App'x 803, 804 (10th Cir. 2007); *Sizova v. Nat'l Inst. of Stands. & Tech.*, 282 F.3d 1320, 1325 (10th Cir. 2002).  Plaintiff attached her "Dismissal and Notice of Rights" Letter from the EEOC, which stated that the EEOC was "adopt[ing] the findings of the state or local fair employment practices agency that investigated the charge."  (Doc. 1, at 8.) Defendants attached the findings of that agency, the KHRC, which had determined that there was no probable cause to credit the allegations contained in the complaints filed by plaintiff against Alorica. (Doc. 20-10, Ex. H; 20-11, Ex. I.)  None of the individually-named defendants were listed in either the KHRC complaints or the EEOC complaint.[1]

---

[1]  The court may look beyond the complaint in ruling on a motion to dismiss under Rule 12(b)(1) when the movant challenges the facts upon which subject matter jurisdiction is based. *Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon.*, 428 F.3d 1285, 1292

As noted in Judge Robinson's order, the omission of a defendant's name from the EEOC charge does not automatically mandate dismissal of a later complaint under Title VII. *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980). Instead, the court considers four factors in evaluating the failure to name a party in the administrative complaint: (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party. *Id*. at 1312.

Defendants have addressed all of these factors in their motion. The court finds that none of these factors weigh in plaintiff's favor. The court therefore finds that plaintiff's failure to include these defendants in her administrative charges requires dismissal of the complaint against all individually-named defendants.

### Failure to State a Claim Under Title VII

Defendants incorrectly categorize the first of their grounds for dismissal as jurisdictional: the threshold "employer" requirement for application of Title VII is an element of plaintiff's claim for relief; it does not constitute a basis to dismiss for lack of subject matter jurisdiction. *Arbaugh v. Y &*

_____

(10th Cir. 2005). The court finds that defendants' motion to dismiss would not be converted to one for summary judgment here, where the jurisdictional question—the exhaustion issue—is not intertwined with the merits of the case. *Sizova*, 282 F.3d at 1325 (holding that the exhaustion issue is not intertwined with the merits of a Title VII complaint).

*H Corp.*, 546 U.S. 500, 512 (2006); *see also Xie v. Univ. of Utah*, 243 F. App'x 367, 371 (10th Cir. 2007) (finding employee status not to be threshold jurisdictional requirement because there is no indication Congress considered employee status to be threshold jurisdictional requirement). The court therefore evaluates the argument as one under Fed. R. Civ. P. 12(b)(6) rather than 12(b)(1). This mislabeling is not prejudicial and the correct form is immaterial. *See Cambridge Credit Counseling Corp.*, 409 F.3d 473, 475 n.4 (1st Cir. 2005).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 127 S. Ct. 1955, 1965 (2007). The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008). "'[]Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the [plaintiff 'has] not nudged [its] claims across the line from conceivable to plausible.'" *Id*. (quoting *Twombly*, 127 S. Ct. at 1974).

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all well-pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also* Fed. R. Civ. P. 8(a).

When, as here, a plaintiff is proceeding *pro se*, the court construes his or her pleadings liberally. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001). Liberal construction, however, "does not relieve the plaintiff of the burden of

alleging sufficient facts on which a recognized legal claim could be based," and this court need not accept allegations that state only legal conclusions. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

As set out in Judge Robinson's December 15, 2008 Memorandum and Order, the Tenth Circuit has held that "personal capacity suits against individual supervisors are inappropriate under Title VII." *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996). "The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." *Id*. at 899 (emphasis in original). To the extent plaintiff is attempting to sue the individually-named defendants in their individual capacity, her claim fails because such a suit is inappropriate under Title VII. To the extent plaintiff is attempting to sue these defendants in their official capacity as her employer, she has also failed to state a claim. Title VII defines "employer" as a person engaged in an industry affecting commerce with fifteen or more employees. 42 U.S.C. § 2000e(b). Here, plaintiff has not alleged in her complaint that any of these defendants constitute an "employer" within the meaning of Title VII. In her reply, she addresses the service issue exclusively. Therefore, the court finds that plaintiff has failed to state a claim for relief under Title VII against the individual defendants.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss (Docs. 20) is granted.

**IT IS FURTHER ORDERED THAT** Kendall Dunwiddie, Dena O'Brien, Brent McGuigan, Nadine Cuffe, Andy Lee, Burdy Tarnofs (Beverly Tarnoff), and David Parker are dismissed from this action.

6

Dated this 12th day of March 2009, at Kansas City, Kansas.


**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**