## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PRINCESS J. ANTHONY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 08-2437-CM |
| | ) | |
| ALORICA, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| PRINCESS J. ANTHONY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 08-2438-JAR |
| | ) | |
| ALORICA, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

This matter comes before the court upon defendant Alorica's Notice of Plaintiff's Failure to Provide Initial Disclosures and Documents and Motion to Dismiss and for Other Relief (Doc. 53) and upon defendant's supplement to the motion (Doc. 58), both of which the district judge has referred to the undersigned magistrate for a report and recommendation. Alorica asks the court to dismiss these consolidated actions with prejudice pursuant to Fed. R. Civ. P. 37 for plaintiff's failure to obey court orders to provide discovery. The court has also warned Princiess J. Anthony previously that dismissal under Fed. R. Civ. P. 41(b) may be appropriate because of her failure to abide by court orders and the Federal Rules of Civil Procedure. Ms. Anthony has failed to respond to Alorica's motion to dismiss or the supplement to the motion, and she has failed to respond to the court's order to show cause why these motions should not be granted and why these consolidated actions should not be dismissed pursuant to Rules 37 and 41(b). For reasons explained more fully below, the undersigned magistrate judge recommends these consolidated actions be dismissed with

prejudice.

**I.     Background**

On September 15, 2008, plaintiff filed suit against defendant Alorica, Inc. and other individuals whom the court has since dismissed. The complaint alleges discriminatory retaliation in violation of Title VII of the Civil Rights Act of 1964. Plaintiff filed a second suit against the same defendants and four additional individual defendants the same day she filed the first suit. That complaint alleges discrimination based on religion and sex as well as well as retaliation. Likewise, the court has dismissed the individual defendants in the second-filed suit. These cases have since been consolidated for all purposes.[1]

On April 20, 2009, the court entered a Scheduling Order (Doc. 29) imposing various case management deadlines. Among other things, the Scheduling Order required the parties to submit confidential settlement reports to the magistrate judge by July 1, 2009. It required the parties to exchange initial disclosures by May 1, 2009, and to exchange copies of all documents described therein by May 15, 2009. The order also provided that all discovery shall be served in time to be completed by August 31, 2009. The court set a final pretrial conference for September 23, 2009.

Sometime in late April, Alorica's counsel contacted the undersigned magistrate judge's chambers to inform the court that plaintiff's daughter was hospitalized and that plaintiff would not be able to provide Alorica with her initial disclosures. Alorica's attorney said defense counsel and Ms. Anthony had agreed to exchange initial disclosure and documents described therein on or about May 15, 2009, in order to allow Ms. Anthony time to focus on her daughter's recovery. On May 15, 2009, Alorica filed a notice of service indicating it had placed a copy of its initial disclosures

---

[1] Prior to consolidation, nearly identical motions and orders were separately docketed in both cases. For the sake of clarity, the undersigned refers only to orders and motions docketed in the lead case.

in the mail that same day.² Also on May 15, Ms. Anthony filed a motion for an extension of time to serve her initial disclosures, to submit a protective order, to amend the pleadings, and to file any motions to dismiss.³ The motion explained that the extensions were necessary because her child had been hospitalized and was still ill.⁴ The court granted Ms. Anthony's motion and modified the case management deadlines, including the deadline to exchange initial disclosures and documents, which the court set for June 3, 2009.⁵ Alorica never received Ms. Anthony's initial disclosures and documents. On June 7, 2009, four days after the deadline, Ms. Anthony e-mailed the undersigned requesting a thirty-day extension of all case management deadlines.⁶ Although Ms. Anthony provided some details about her daughter's illness, it appeared to the court that the basis for the requested extensions was so Ms. Anthony could have additional time to attempt to retain counsel.⁷ The court found this was not good cause for the extensions and denied the motion.⁸ Because Ms. Anthony had not complied with the court-ordered deadline for the exchange of initial disclosures and documents, the court again ordered her to provide Alorica with this discovery by July 1, 2009.⁹

Alorica still had not received Ms. Anthony's initial disclosures and documents by July 15,

---

² *See* Notice of Service (Doc. 32).

³ *See* Ms. Anthony's motion for extensions of time (Doc. 34).

⁴ *Id.* at 3.

⁵ *See* Order granting motion for extensions of time (Doc. 36).

⁶ *See* Ms. Anthony's motion for a thirty-day extension (Doc. 38).

⁷ Order denying Ms. Anthony's motion for a thirty-day extension (Doc. 42) at 1 (quoting Ms. Anthony's motion for a thirty-day extension (Doc. 38) at 2 ("Another attorney that was [recommended] on the onset of these cases, now has time to look at the case and advised me to file for a[] 30 day extension so he will have amp[l]e time to review the documents and witnesses.")).

⁸ *Id.*

⁹ *Id.* at 2.

3

2009, when it filed a motion to compel.[10] Ms. Anthony failed to respond to the motion, and on August 6, 2009, the court granted the motion and ordered Ms. Anthony to show cause by August 21, 2009, why she should not be taxed with Alorica's reasonable expenses and attorney fees incurred as a result of filing the motion.[11] The court ordered Ms. Anthony to provide Alorica with her initial disclosures and documents by August 17, 2009, and warned Ms. Anthony that "any future failure to abide by court orders could result in the involuntary dismissal of this action."[12] Ms. Anthony failed to respond to the court's order to show cause why she should not be taxed with Alorica's expenses and fees, and when Alorica failed to receive Ms. Anthony's initial disclosures and documents, it filed a motion to dismiss on August 21, 2009.[13] Alorica later supplemented the motion to inform the court that it had received Ms. Anthony's initial disclosures on September 2, 2009.[14] The motion states that it appeared Ms. Anthony had attempted to mail the initial disclosures on or about August 18, 2009, but had failed to affix sufficient postage.[15] The initial disclosures also appear incomplete. They provide the names of individuals likely to have discoverable information but fail to provide "the subjects of that information," as required by Rule 26(a)(1)(A)(I).[16] Indeed, Ms. Anthony practically admits the disclosures are incomplete. She sent an e-mail to the

---

[10] *See* Defendant's Motion to Compel Disclosures from Plaintiff and for Other Relief with Brief in Support (Doc. 44).

[11] Order granting motion to compel (Doc. 49) at 3.

[12] *Id.*

[13] Notice of Plaintiff's Failure to Provide Initial Disclosures and Documents and Motion to Dismiss and for Other Relief (Doc. 53).

[14] Supplement to Notice of Plaintiff's Failure to Provide Initial Disclosures and Documents and Motion to Dismiss and for Other Relief (Doc. 58) at 1.

[15] *Id.* at 1-2.

[16] *See id.*, Exhibit 1, Plaintiff's Rule 26(a)(1)(A) Disclosures to Defendant Alorica (Doc. 58-1) at 1.

4

undersigned's chambers stating, "I have witnesses that were not included and in opposition of [sic] witnesses listed in [my attorney's] disclosures to Opposing Attorneys."[17]

Around the same time Alorica filed its first motion to compel, the court terminated the parties' obligation to engage in court-ordered mediation and noted that Ms. Anthony had failed to provide a confidential settlement report as she was ordered to do.[18] Eight days later, on July 30, 2009, Ira Dennis Hawver entered his appearance on behalf of Ms. Anthony.[19] The relationship between Ms. Anthony and Mr. Hawver quickly soured, and on August 20, 2009, Mr. Hawver filed a motion to withdraw his appearance as Ms. Anthony's attorney of record.[20] Mr. Hawver's motion states one of the reasons for seeking to withdraw was "lack of plaintiff's timely cooperation with counsel by supplying documents and information required to meet court[-]ordered deadlines, some of which predated counsel's entry of appearance 21 days ago . . ."[21] The court denied Mr. Hawver's motion without prejudice for lack of full compliance with this district's local rules.[22] Mr. Hawver filed a renewed motion to withdraw on September 22, 2009, which the court granted.[23] The court sent Ms. Anthony a copy of the order by certified mail with return receipt requested in order to ensure Ms. Anthony was aware Mr. Hawver no longer represented her. The docket shows Ms.

---

[17] Notice (Doc. 63) at 3.

[18] *See* Mediation Minute Order (Doc. 45).

[19] *See* Entry of Appearance (Doc. 45).

[20] Motion to Withdraw (Doc. 52).

[21] *Id.* at 1.

[22] Order denying motion to withdraw without prejudice (Doc. 55) at 1 (citing D. Kan. R. 83.5.5(a)).

[23] *See* Order granting motion to withdraw (Doc. 64) at 2.

5

Anthony signed for the order on October 9, 2009.[24]

Also on October 9, 2009, the court granted in part Alorica's second motion to compel.[25] The discovery dispute involved interrogatories and requests for production. Alorica informed the court Ms. Anthony had failed to respond to the discovery requests Alorica served on her on or about July 8, 2009, before Mr. Hawver's entry of appearance.[26] The court ordered Ms. Anthony to fully respond to the interrogatories and requests for production by October 23, 2009, and ordered Ms. Anthony to show cause by October 30, 2009, why she should not be taxed with Alorica's reasonable expenses incurred as a result of filing the motion to compel.[27] The court again cautioned Ms. Anthony of the risk of involuntary dismissal for her repeated failure to fully participate in discovery, comply with court orders, and abide by case management deadlines.[28] Ms. Anthony failed to respond to the court's order to show cause, and on October 26, 2009, Alorica informed the court that Ms. Anthony had again failed to comply with the court's order to provide discovery.[29]

More specifically, Alorica's accounting of reasonable expenses incurred in filing the second motion to compel states that Ms. Anthony failed to provide any answers to interrogatories and failed to produce any documents by October 23.[30] Instead, Ms. Anthony sent defense counsel a one-page

---

[24] Certified Mail Receipt (Doc. 68).

[25] *See* Order granting in part defendant's motion to compel discovery (Doc. 67).

[26] *See* Defendant's Motion to Compel Discovery and for Other Relief with Brief in Support (Doc. 59) at 1-2.

[27] Order granting in part and denying in part Alorica's motion to compel (Doc. 67).

[28] *Id.* at 4.

[29] *See* Notice and Accounting in Response to Order Dated October 9, 2009 (Doc. 71).

[30] *Id.* at 1-2.

handwritten fax that indicates she intended to provide answers to the interrogatories by October 24.[31] It appears Ms. Anthony never provided any discovery responses on October 24. She instead filed a motion for an extension of time on October 26, 2009.[32] The court ordered Ms. Anthony to respond to Alorica's interrogatories and requests for production by November 6, 2009, but noted that the order should not be read as excusing Ms. Anthony's failure to abide by the court's previous order.[33] To date, there is nothing on the docket indicating that Ms. Anthony has provided Alorica with the discovery it sought. Ms. Anthony has not responded to Alorica's motion to dismiss or the supplement thereto. She has also failed to respond to the undersigned's order to show cause why Alorica's motion to dismiss should not be granted and why this case should not be dismissed pursuant to Fed. R. Civ. P. 37 or 41(b) for Ms. Anthony's failure to participate in discovery, her failure to comply with court orders, and her failure to abide by the Federal Rules of Civil Procedure.[34]

**II.  Discussion**

Pursuant to Fed. R. Civ. P. 37(b)(2)(A), the court may impose sanctions for a party's failure to obey a court order to provide or permit discovery, and such sanctions may include dismissal of the action in whole or in part.[35] Similarly, Rule 41(b) provides for involuntary dismissal of an action when a party fails to comply with the Federal Rules of Civil Procedure or court orders. Whether to

---

[31] *Id.*, Exhibit A, Fax from Ms. Anthony (Doc. 71-1).

[32] *See* plaintiff's motion for a seven-day extension of time (Doc. 72).

[33] Order granting in part and denying in part Ms. Anthony's motion for an extension of time (Doc. 75) at 2.

[34] Notice and Order to Show Cause (Doc. 69).

[35] *See* Fed. R. Civ. P. 37(b)(2)(A)(v) (providing that a sanction may include "dismissing the action or proceeding in whole or in part").

dismiss an action for such violations is within the court's discretion.[36] Dismissal is an extreme sanction and is only appropriate in cases of willful misconduct.[37] Because dismissal with prejudice forecloses a litigant's access to the court, it should be used as a last resort.[38] When considering dismissal under Rule 37(b) or 41(b), the court should consider the following factors: (1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective.[39] These factors are non-exhaustive and are not necessarily of equal weight.[40] Dismissal is an appropriate sanction "when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits[.]"[41]

Considering the first factor, Alorica has clearly suffered prejudice in preparing its defense. Specifically, Alorica has received very few discovery responses from Ms. Anthony and has been required to expend a great deal of time attempting to resolve these issues through motions practice, which the undersigned would assume has resulted in mounting attorney fees. Alorica did not receive Ms. Anthony's initial disclosures until approximately four months after the original deadline set in the Scheduling Order, and approximately three months has passed since Ms. Anthony should have

---

[36] *LaFleur v. Teen Help*, 342 F.3d 1145, 1151 (10th Cir. 2003).

[37] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).

[38] *Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005) (citing *Ehrenhaus*, 965 F.2d at 920).

[39] *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143-44 (10th Cir. 2007) (applying the *Ehrenhaus* factors in the context of a dismissal pursuant to Rule 41(b)); *see also Haugen*, 427 F.3d at 738. (applying the *Ehrenhaus* factors in the context of a dismissal pursuant to Rule 37).

[40] *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005).

[41] *Ehrenhaus*, 965 F.2d at 921.

provided responses to Alorica's first set of interrogatories and requests for production. Indeed, there is no information on the docket that suggests Ms. Anthony has ever responded to these discovery requests even though the court has twice ordered her to do so.

The second factor—the degree of interference with the judicial process—also weighs in favor of dismissal with prejudice. Ms. Anthony has failed to comply with numerous court orders, which has resulted in multiple motions for extensions of case management deadlines. The court has not only had to take up an inordinate number of these motions, wasting judicial resources, but these disturbances have also prevented the court from fashioning its docket in an orderly manner. Indeed, when the undersigned entered the Scheduling Order in this case, discovery was to have been completed more than two months ago. To date, virtually no discovery has taken place.

A litigant's culpability is the third factor, which also favors dismissal with prejudice. Ms. Anthony's failure to comply with court orders and the Federal Rules predated Mr. Hawver's participation in this case and continued after Mr. Hawver withdrew his appearance. Mr. Hawver's motion to withdraw even states he encountered difficulty in obtaining information from Ms. Anthony, rendering him unable to provide Alorica with the discovery it sought. Even if some of the violations of court orders and Federal Rules occurred while Mr. Hawver represented Ms. Anthony, the acts and omissions of counsel are attributable to the client.[42] Additionally, the court finds other circumstances do not lessen Ms. Anthony's culpability. Ms. Anthony has informed the court on multiple occasions that her daughter has been battling serious medical problems. The court has granted Ms. Anthony generous extensions of case management deadlines in order to better enable

---

[42] *Gross v. General Motors Corp.*, 252 F.R.D. 693, 698 (D. Kan. 2008) (considering dismissal with prejudice and stating the plaintiff could not blame her attorneys for the failure to provide discovery because the attorneys' acts and omissions were attributable to the client) (citing *LaFleur*, 342 F.3d at 1152).

her to prosecute her case. Despite these extensions, Ms. Anthony has continued to violate court orders and has failed to provide Alorica with the discovery it seeks. Most of the tasks required of Ms. Anthony up to this point would involve her mailing discovery responses to Alorica and mailing filings to the Clerk's Office. In other words, there is simply no information before the court explaining how Ms. Anthony's daughter's illness has prevented her from completing these relatively straightforward tasks.

Considering the fourth factor, Ms. Athony has been explicitly warned on multiple occasions that dismissal was a possible sanction for her actions. More specifically, when the court granted Alorica's first motion to compel on August 6, 2009, it informed Ms. Anthony she risked involuntary dismissal. Ms. Anthony was again put on notice on August 21, 2009, when Alorica filed a motion to dismiss with prejudice for Ms. Anthony's failure to provide her initial disclosures. When the court granted in part Alorica's second motion to compel on October 9, 2009, it again informed Ms. Anthony her actions may warrant involuntary dismissal. On October 15, 2009, the court sent Ms. Anthony an order to show cause why Alorica's motion to dismiss should not be granted and why these consolidated actions should not be dismissed because of her failure to fully participate in discovery and to comply with court orders and the Federal Rules. The undersigned is satisfied that Ms. Anthony has had ample warning of the risk of involuntary dismissal as a sanction.

Finally, it appears a lesser sanction would not be effective. The court has taken up two motions to compel, finding in both instances that it may be appropriate to require Ms. Anthony to pay Alorica's reasonable expenses incurred in filing the motions. Both times, Alorica filed an accounting of its reasonable expenses and attorney fees, and both times, Ms. Anthony has failed to show cause why she should not be required to pay these expenses and fees. It appears Ms. Anthony is unfazed by the threat of monetary sanctions as evidenced by her failure to respond to the court's

orders to show cause and by her continued failure to abide by court orders so she may avoid such sanctions in the future.

Having considered the above factors outlined by the Tenth Circuit in *Ehrenhaus v. Reynolds* and having found the factors favor dismissal with prejudice, the court respectfully recommends the district judge grant Alorica's motion and dismiss these consolidated actions with prejudice. A copy of this report and recommendation shall be sent to the Ms. Anthony via certified mail with return receipt requested. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. R. 72.1.4(b), the parties may serve and file written objections to the report and recommendation within ten days after being served with a copy.

Accordingly,

**IT IS THEREFORE RECOMMENDED** that defendant Alorica's Notice of Ms. Anthony's Failure to Provide Initial Disclosures and Documents and Motion to Dismiss and for Other Relief (Doc. 53) and defendant's supplement to that motion (Doc. 58) should be GRANTED and these consolidated actions should be dismissed with prejudice.

**IT IS SO RECOMMENDED.**

Dated this 9th day of November, 2009, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge