# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PRINCESS J. ANTHONY,** ) | CONSOLIDATED CASES |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 08-2437-CM-KGS |
| ) | |
| **ALORICA, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |
| **PRINCESS J. ANTHONY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 08-2438-JAR-KGS |
| ) | |
| **ALORICA, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## ORDER

On September 15, 2008, *pro se* plaintiff Princess J. Anthony filed these actions against Alorica, Inc., and a number of individual defendants alleging discriminatory retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"). The individual defendants were dismissed, and the cases were consolidated. Defendant Alorica filed a motion to dismiss and for other relief (Doc. 53) followed by a supplemental motion to dismiss (Doc. 58). Both motions were based on plaintiff's failure to obey court orders and provide discovery in this case. On November 9, 2009, the Honorable K. Gary Sebelius, Magistrate Judge, issued a Report and Recommendation concerning defendant's motions to dismiss (Doc. 78). After setting out the procedural history of the case, the magistrate judge found the extreme sanction of dismissal warranted. The parties were given 10 days

from the date of service of the Report and Recommendation within which to file objections.[1] Within that time, the court received two letters from plaintiff (Docs. 79, 80), and a document entitled Answer to Report and Recommendation (Doc. 82). Although they were docketed in the case, the letters are not responsive to the Report and Recommendation.[2] The "Answer" as filed was apparently incomplete: plaintiff advised the court that she would file exhibits to it on the following day. She did not.

Seven days later, and after the objection deadline had passed, and after defendants filed a response to the objections, plaintiff submitted a document entitled Answer to Dismissal, Answer to Report, and Recommendation, Answer to Defendant's Answer Nov. 20, 2009, which the court construes as an untimely reply. (Doc. 84). On defendant's motion, that untimely reply was sealed because in it plaintiff had included confidential materials. The next day, plaintiff filed a document entitled Supplement to Answer to Report and Recommendation, Defendant's Answer to Plaintiff's Motion, which the court construes as a supplement to her answer and reply. (Doc. 87.)

The standards this court must employ when reviewing objections to the Report and Recommendation are clear. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Only those portions of the Report and Recommendation that have been specifically identified as objectionable will be reviewed. *Garcia v. City of Albuquerque*, 232 F.3d 760, 766–67 (10th Cir. 2000). The review of those identified portions is de novo, and the court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." *Griego v. Padilla*, 64 F.3d 580, 584

---

[1] Plaintiff was served with the Report and Recommendation on November 10, 2009.

[2] The letters appear to have been sent before plaintiff received notice of the Report and Recommendation.

2

(10th Cir. 1995).

Here, despite the court's careful review and liberal construction of the plaintiff's "Answer," the court cannot discern an identification of, or objection to, any specific portion of the report. *See McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001) (noting liberal construction standard applicable to review of *pro se* pleadings). The gist of her nearly indecipherable answer is (1) plaintiff is not getting her mail; (2) her attorney quit; and (3) she and/or her attorney sent or will send information to defendant to substantiate her cases. Her answer contains a fax log, documenting November 6, 2009, transmittals or attempted transmittals, followed by a note reading "Sorry Having Difficulties with FAX will continue until complete." (Doc. 82, at 4.) The entry docketing the "Answer" indicates "[p]laintiff advises she will file exhibits to this objection on 11/19/09." Nothing was subsequently filed with the court on November 19, or at any time before the deadline for objections passed. And defendant, by way of response, asserts that it has not received complete responses as the court has ordered. Plaintiff asserts that she is "not holding out," and asks the court, "please don't dismiss." (Doc. 82, at 2–3.)

Additionally, the court has reviewed plaintiff's untimely filed reply and supplement. These documents are equally difficult to review meaningfully, due to their handwritten nature and obvious technical difficulties that must have occurred in filing. They appear to focus on the merits of the case, and upon the difficulties plaintiff has encountered related to her daughter's illness, her financial condition, the postal service, and temperamental fax machines.

While the court construes a *pro se* plaintiff's filings liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The court

3

finds that plaintiff's "Answer" and her late-filed documents contain no specific objections for this court to address, other than what the court construes as a general objection to the ultimate recommendation of dismissal.

In the Report and Recommendation, Judge Sebelius details plaintiff's repeated failures to abide by deadlines or to obey the court's orders. For example, plaintiff failed to respond to defendant's motion to dismiss or the supplement to the motion; and she failed to respond to the court's order to show cause why these motions should not be granted and why these consolidated actions should not be dismissed pursuant to Rules 37 and 41(b).

Furthermore, the Report and Recommendation sets out in detail the great lengths to which the court has gone in order to accommodate plaintiff's requests for more time and for flexibility in light of the illness of her daughter and other setbacks that allegedly inhibited her from performing otherwise straightforward tasks related to the prosecution of her case.

Additionally, the Report and Recommendation documents the court's repeated warnings to plaintiff that dismissal under Fed. R. Civ. P. 41(b) may be appropriate because of her failure to abide by court orders and the Federal Rules of Civil Procedure.

Plaintiff's objections appear to be more of the same. They do not contest the findings set out in the Report and Recommendation that support Judge Sebelius's recommendation of dismissal. And they offer no legitimate justification for plaintiff's repeated refusal to comply with the court's orders regarding discovery and responsive documents. Plaintiff's repeated statements that she will submit the required documents are not credible in light of the many months which have passed without plaintiff taking the simple actions necessary to prosecute her case – that is, by mailing responsive documents, which she admits are in her possession. (*See* Doc. 80, at 1.) Upon review,

the court overrules plaintiff's objections.  The Report and Recommendation is adopted; the defendant's motion to dismiss is granted; and the case dismissed with prejudice.

**IT IS THEREFORE ORDERED** that plaintiff's Answer to the Report and Recommendation (Doc. 82) is overruled and the Report and Recommendation (Doc. 78) is adopted in its entirety.

**IT IS FURTHER ORDERED** that defendant's Notice of Plaintiff's Failure to Provide Initial Disclosures and Documents and Motion to Dismiss and for Other Relief (Doc. 53) and defendant's Supplement to Notice of Plaintiff's Failure to Provide Initial Disclosures and Documents and Motion to Dismiss and for Other Relief (Doc. 58) are granted.

**IT IS FURTHER ORDERED THAT** the case is dismissed with prejudice.

Dated this 4th day of December 2009, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**